UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS K. MILLS,

Plaintiff,

v.

ZACHERY JONES, et al.,

Defendants.

Case No.: 1:26-cv-02382-EGC (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED SCREENING AS MOOT**

(Doc. 9)

**CLERK OF THE COURT TO ISSUE SUMMONSES**

Plaintiff Thomas K. Mills is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

Plaintiff filed a first amended complaint on May 21, 2026. (Doc. 8.)

On August 10, 2026, Plaintiff filed a document titled "Motion to Expedite Judicial Screening and Request for Status Update." (Doc. 9.)

**II. DISCUSSION**

Plaintiff requests expedited screening, noting his amended complaint was filed May 21, 2026, that he paid the required filing fee for this action, and that there is "an ongoing threat to [his] health, safety, and basic living conditions," "an imminent risk of irreparable harm or loss of crucial evidence" and "time-sensitive constitutional or legal deadlines."

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). "[A] court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is incarcerated or detained in any facility because he is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (internal quotation marks omitted).

A review of the docket for this action reveals that at the time Plaintiff filed his original and first amended complaints, Plaintiff was not a prisoner.[1] (*See* Docs. 1 & 8.) "28 U.S.C. § 1915A applies only to claims brought by individuals incarcerated at the time they file their complaints." *Olivas*, 856 F.3d at 1282 (concluding that former prisoner who had been released from custody before filing suit was not a "prisoner" under the Prisoner Litigation Reform Act). Therefore, because Plaintiff was not incarcerated at the time he filed his complaints, the screening requirement does not apply to him. *See also Nible v. Macomber*, No. 2:24-cv-01259-DJC-CSK, 2025 WL 105246, at *1 (E.D. Cal. Jan. 15, 2025) (denying defendants' request for screening where plaintiff was not a prisoner at the time the complaint was filed); *Cisneros v. Nevada Department of Corrections*, No. 3:23-cv-00629-LRH-CSD, 2024 WL 1241204, at *1 (D. Nev. Mar. 20, 2024) ("Plaintiff is no longer incarcerated and has paid the $405 filing fee for a civil action. As such, this case will proceed onto the normal litigation track and will not be screened").

Accordingly, Plaintiff's motion for expedited screening will be denied as moot. Further, the Court will direct the Clerk of the Court to issue summonses to Plaintiff.

Plaintiff is advised that because he was not incarcerated at the time he filed his complaints and has paid the full filing fee for this action, he is not entitled to service by the United States

[1] Plaintiff's original complaint indicated his address was 230 E. Adams Blvd., Room 101C, in Los Angeles, California 90011. That address corresponds with the University Park Healthcare Center, a skilled nursing facility. https://hcai.ca.gov/facility/university-park-healthcare-center/, as of 8/12/2026. Additionally, Plaintiff's first amended complaint indicates his address is "Encino Terrace Senior Living, 10625 Ventura Blvd., Apt. 213, Encino, California 91436." Further, a search of the California Department of Corrections and Rehabilitation's inmate locator tool returned "No Results" when Plaintiff's first and last name were entered in a query. https://ciris.mt.cdcr.ca.gov/results?lastName=mills&firstName=thomas, as of 8/12/2026.

Marshal without prepayment of costs. Thus, Plaintiff must serve Zachery Jones and Javier Rivera with his first amended complaint at his own expense. *See also* Fed. R. Civ. P. 4. Plaintiff is encouraged to visit this Court's website to download the "Pro Se Packet."[2] In particular, at pages 4 and 5 of the packet, service of process is addressed and provides helpful information to pro se litigants required to serve their complaint because they are not proceeding *in forma pauperis*. Additionally, this Court's Local Rules can be accessed via the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/, and helpful forms are available at https://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/.

## III. CONCLUSION AND ORDER

For the reasons given above, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion for expedited screening (Doc. 9) is **DENIED** as moot;
2. The Clerk of the Court is **DIRECTED** to:
    a. Issue summonses; and
    b. Send Plaintiff a copy of Local Rule 183 and Local Rule 210.

IT IS SO ORDERED.

Dated: **August 12, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE

[2] https://www.caed.uscourts.gov/caednew/assets/File/Combined%20Pro%20Se%20Packet(3).pdf.