UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS K. MILLS,

Plaintiff,

v.

ZACHERY JONES, et al.,

Defendants.

Case No.: 1:26-cv-02382-EGC (PC)

**ORDER REGARDING PLAINTIFF'S MOTIONS CONCERNING SERVICE BY THE UNITED STATES MARSHAL**

(Docs. 12 & 13)

Plaintiff Thomas K. Mills is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

Plaintiff filed a first amended complaint on May 21, 2026. (Doc. 8.)

On August 10, 2026, Plaintiff filed a document titled "Motion to Expedite Judicial Screening and Request for Status Update." (Doc. 9.)

On August 12, 2026, the Court issued its Order Denying Plaintiff's Motion for Expedited Screening as Moot and directing the Clerk of the Court to issue summonses. (Doc. 10.) Briefly stated, the Court found that because Plaintiff was not incarcerated at the time he initiated this action, screening was not required and that because Plaintiff had paid the filing fee he was not entitled to service by the United States Marshal. (*Id.* at 1-3.)

On August 24, 2026, Plaintiff filed a document titled "Ex Parte Motion for an Order Directing Service of Process by the U.S. Marshals Service Pursuant to FRCP 4(c)(3) and 28 U.S.C. § 1983(d)" (Doc. 12) and a handwritten, untitled document docketed as a "Motion for Order regarding Service" (Doc. 13).

On September 11, 2026, Plaintiff filed an untitled document directed to the Clerk of the Court, docketed as a "Notice Confirming Address." (Doc. 15.)[1]

## II. DISCUSSION

### A. Plaintiff's Motions Concerning Service

In the first motion filed August 24, 2026, Plaintiff seeks an "an Order pursuant to Federal rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d) directing the United States Marshal to effect service of the Summons and First Amended Complaint upon the Defendant(s) in this action." (Doc. 12 at 1.) He asserts he is "indigent, disabled" and is currently receiving "Supplemental Security Income (SSI) and Supplemental Nutrition Assistance Program (EBT) benefits." (*Id.*) Further, Plaintiff states he cannot "afford a private process server or the county sheriff's department to execute service of process." (*Id.* at 2.) He contends the Court must order service by the United States Marshal where a plaintiff is authorized to proceed *in forma pauperis* (IFP). (*Id.*) Plaintiff maintains that to "ensure timely service, prevent undue burden, and preserve Plaintiff's statutory rights," the Court should direct the Marshal to serve his first amended complaint. (*Id.*) In his supporting declaration, at paragraph 4, Plaintiff declares: "Concurrently herewith, I am submitting my Application to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915 [or: This Court granted my Application to Proceed *In Forma Pauperis* on [Date]]." (Doc. 12 at 3, ¶ 4.) Next to the typed entry, Plaintiff handwrote: "FEE,S PAid." (*Id.*)[2]

In the second motion filed August 24, 2026, Plaintiff asks the Clerk of the Court to "attach this monthly rental agreement to" his motion. (Doc. 13 at 1.) Plaintiff further statues he cannot

[1] On September 4 and September 8, the United States Postal Service returned the Court's earlier correspondence to Plaintiff, marked "Undeliverable, [Return to Sender], attempted – not known, no such # and unable to forward." The documents were re-served to Plaintiff at his address on record with Court on September 9, 2026. Notably, Plaintiff's notice filed September 11, 2026, reflects his address has not changed.

[2] An IFP application was not included with Plaintiff's filing. (*See* Doc. 12, generally.)

afford a process server, is "on SSI, getting $955.00 on the 1st of the month," "retirement" benefits of $570 per month, and $298 in "EBT" benefits. (*Id*. at 2.) His rent is $1,444.07 per month. (*Id.*) Plaintiff asks if there is "any way [he qualifies] for a fee waiver" and asks to be sent a "standard request form, under Federal Rule of Civil Procedure 4(c)(3)" and references "USM-285," asking whether he can "file an ex-parte motion for service by the U.S. Marshal." (*Id*.) Next, Plaintiff states he was granted IFP status in a previous case and repeats he is unable to "pay a process server or the Sheriff Department" because he is "on SSI, and receiving EBT" and his rent is $1,444.07 per month. (*Id*. at 3.) Attached to the motion are the following: (1) the Order to Submit Application to Proceed In Forma Pauperis or Pay Filing Fee Within 45 Days issued March 25, 2025, issued in *Mills v. Jones*, case number 1:25-cv-00355-GSA (PC); (2) AO 398 Notice of Lawsuit and Request to Waive Service of a Summons forms completed by Plaintiff; and (3) page 6 of an untitled document, presumably a part of Plaintiff's rental agreement, reflecting a "Total Monthly Fee for Resident One" of $1,444.07. (*Id*. at 4-7.)

**B. Analysis**

Section 1915 of Title 28 of the United States Code concerns "Proceedings in forma pauperis." 28 U.S.C. § 1915. Subsection (d), cited by Plaintiff, states in relevant part: "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Significantly however, section 1915 does not apply in this case. Plaintiff is not proceeding IFP. On March 27, 2026, Plaintiff filed his original complaint and paid the full filing fee of $405 for this action. (Docket: "RECEIPT number 100007687 for $405.00 for Thomas K. Mills from Thomas K. Mills.") Because Plaintiff paid the full filing fee to commence this action, he cannot proceed IFP.

Filing fees for initiating a lawsuit in district court are authorized by Title 28 of the United States Code section 1914 and are part of the costs of litigation. *See Lucien v. De Tella,* 141 F.3d 773, 775 (7th Cir. 1998); *Green v. Bank of America*, No. 1:12-cv-02093-GEB-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (same). Nothing in that statute provides for the refund of such fees for any reason; therefore, a refund of the already paid $405 filing fee would be

improper.[3]

Next, Rule 4(c)(3) of the Federal Rules of Civil Procedure provides as follows:

> *By a Marshal or Someone Specially Appointed*. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3). Therefore, because Plaintiff is not proceeding IFP in this action, the Court may, but is not required to, order service by the United States Marshal.

Considering its discretion under Rule 4(c)(3), the Court will grant Plaintiff's request. It is clear that Plaintiff's monthly expenses ($1,444.07) nearly exceed his monthly income ($1,525). As such, the Court will excise its discretion accordingly and issue a separate order directing the United States Marshal to serve Defendants Zachery Jones and Javier Rivera, correctional officers at North Kern State Prison in Delano, California, at no cost to Plaintiff.

**III. CONCLUSION AND ORDER**

Accordingly, for the reasons stated above, Plaintiff's motions filed August 24, 2026 (Docs. 12 & 13) are **GRANTED**. The Court will issue a separate order regarding service by the United States Marshal.

IT IS SO ORDERED.

Dated: **September 16, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE

[3] To be clear, Plaintiff has not requested a refund.