UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS K. MILLS,

Plaintiff,

v.

ZACHERY JONES, et al.,

Defendants.

Case No.: 1:26-cv-02382-EGC (PC)

**ORDER RESOLVING PLAINTIFF'S REQUESTS FOR STATUS**

(Docs. 20 & 21)

Plaintiff Thomas K. Mills is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

On September 25, 2026, the Court issued its Order Directing Service by the United States Marshals Service Without Prepayment of Costs. (Doc. 19.)

On October 13, 2026, Plaintiff filed a document titled "Plaintiff's Request for Status Update Regarding Service of Summons and Amended Complaint by the U.S. Marshals Service." (Doc. 20.)

On October 26, 2026, Plaintiff filed a document titled "Status Inquiry Regarding Executed Form USM-285 Return of Service." (Doc. 21.)

**II. DISCUSSION**

Plaintiff is advised that a careful reading of the order issued September 25, 2026, reveals that service by the United States Marshal (USM) is underway and not yet complete.

As explained in that order, the USM was "directed to notify" Defendants Zachery Jones and Javier Rivera of the commencement of this action and to request a waiver of service within "ten days." (Doc. 19 at 2.) Then, "[i]f a waiver of service was not returned by a defendant *within*

*sixty days* of the date of mailing the request for waiver," the USM was to personally serve process. (*Id*., italics added.) And "after personal service is effected," the USM has ten days to "file the return of service … along with any evidence of any attempts to secure a waiver …." (*Id*.)

Therefore, the USM has until late December 2026, to file its USM-285 form or to otherwise comply with the Court's September 25, 2026 order, depending on whether waivers of service are executed or if and when personal service is effected.

Finally, Plaintiff is advised that this Court is one of the busiest district courts in the nation and all judges carry heavy caseloads. Further, this Court is operating under a continuing judicial emergency. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/. Despite heavy caseloads and the continuing judicial emergency, the undersigned carefully monitors all assigned cases and will issue appropriate orders in due course. As such, Plaintiff is informed that filing multiple requests for status updates is unnecessary and adds to the Court's already overburdened resources.[1]

**III. CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's requests for status (Docs. 20 & 21) are **RESOLVED**.

IT IS SO ORDERED.

Dated: **October 28, 2026**

UNITED STATES MAGISTRATE JUDGE

[1] As the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 27, 2026, states: "As long as a party keeps the Court informed of the party's current address, *the Court will provide notice of all actions which might affect the case as soon as an action is taken in the case*. The Court will not respond in writing to individual inquiries regarding the status of a case." (*See* Doc. 2 at 3-4, italics added.)